Judge Mills
delivered the opinion.
Zoroba'oel and John Madox executed their bond, obliging them to convey to James M’Quean one hundred acres of land, containing some improvements thereon, and received the purchase money, which was three hundred and fifteen collars. This bond was assQned bv James M’Queau *401 to John A. L, M’Quean, who took possession of the land. A suit was brought against the vendors, who held the legal estate for the land by a person holding an adverse claim, and about twenty five acres thereof recovered. This decree was afterwards reversed by this court. After this decree was rendered, and before its reversal, John A L.-M’Queen and the said vendors, Znrobabel and John Madox, entered into a negociation about rescinding the contract for the land, and a writing was signed by them, in which it was stipulated, that the vendors should pay back the consideration money with interest, and also the value of the improvements made by the vendee, and the vendee should account for the reasonable rents and profits during his occupancy; the improvements and rents to be ascertained and valued by two men named by the writing, and in case of their disagreement, a third person to be one of two Others named in the writing, whichsoever the first named referees should choose. Z. andJ. Madox, the now plaintiffs in error, filed this bill to have specific performance of this rescinding contract. The tenant, M’Quean, resisted it on the grounds, that, at the time the last named contract was made, it was supposed that part of the laud was lost, and now, that decree, which took away the land, is reversed, and the plaintiffs enabled to convey: — That the contractor rescisión, though signed and acknowledged by him,was never delivered, and that they were to complete the whole contract by further writings, but differed before these writings were closed, and the plaintiffs, or one of thém, took or snatched up the writing in question, and delivered it to a third person. And lastly, that the plaintiffs had trifled with the contract of rescisión by delaying to have the valuations made until one of the referees had refused to act, whereby the agreement could not be effectuated. The circuit court dismissed the bill; and, to reverse this decree, this writ of error is prosecuted.
it is evident, from the evidence, that the defendant below, at the date of this contract of rescisión, believed be could not obtain the land on account of the decree then existing against part. But this not being occasioned by any fraud or misrepresentation of 'he opposite party, might not of itself furnish a ground sufficient to repel the execution of the rescinding contract, if it is not 'liable to other objections. There is some difference between the subscri-bía.'. wi'o >ss:;s (there beingiwo of them) as to the deliev- *402 ery of the instrument; one seeming to think the contract was closer! and concluded, and that it was delivered by the tacit assent of the defendant, to a third person for safe keeping; while the other deposes that he was drawing other writings, to wit, bonds binding the parties to abide by the award of the referees, when the parties differed and n0* exiCl,le 1 hese latter writings, which the witness considered part of the same negoeiation, and thereupon the. plaintiffs, or one of them, took up from the table the writing in question, and delivered it to the witness. With the recollection of the latter witness agrees a bv-stander. ¡V “ ' who deposes that the parties differed about the time when the referees should act, the defendant contending it should ^le next anc^ ^e P^a‘ntl^"s contending that it should not besooner than was convenient for them Time is important in this as well as other contracts, and as it was not fixed by the original writing, now relied on, and on this the dispute arose, we conceive that the evidence is too strong to prove that the uegociation was never completed so as to be fairly obligatory, and that the defendant did not understand that the act of raising the writing from the table by one of the plaintiffs, and delivering it to the witness, was a delivery of the instrument, although he was silent at the moment.
wh^'h'foTns a component part of a ne-gociatmnwill tlCS'lj tllllSSS all the rri-tings are ex-delivered111
An unrea-onthe par t of the person praying a specific execution.to perform his part of an agree-¡hice’The m" chancellor to withhold his ®‘d.
But if we could even get over this objection, and it be admitted that the writing was fairly and fully completed aoc* execuietk the other grounds taken strongly militate a-gsiost the coercion of this contract.. As no time was set for t|ie valuation of rents and improvements, it follows that ¡tou„htto have been made in a convenient and reasonable . ° , , , , , . , time, borne attempts had been made to procure it, which were defeated, as one of the referees deposes, by the plain-beJ0W not being ready. They at last gave a notice that they would attend and have the valuation made, and alleged in the notice that they had received a similar one previously from the defendant below himself. This notice, however, was not given for upwards of one year after the date of the agreement oí rescisión. This delay is unaccounted for, and it subjected the defendant to the necessity cf becoming their bailiff or receiver one year against his will. At this meeting, one of the referees declined acting, because he apprehended, from the disagreement of the parties, the office was a disagreeable one. The specific execution of a contract is said to be in the sound discretion cf *403 tlie chancellor. This discretion, however, is guided by leg -.i rules, one of which is, (bat he who demands the redress, must not himself be in default. No relief will be graoted to him, who, without excuse, has failed in his stipulations, or has trifled with the contract by unreasonably debit ing the performance of his part. This case, vve conceive, comes within the influence of these principles, and furnishes an example where this extraordinary relief ought to be, and was properly refused by the court below. It is further worthy of notice, that although the purchase money to be refunded was fixed by this agreement, yet the payment for improvements and assessment of rents, form a constituent and essential part of the contract. This was to be fixed by men named in the agreement, whose valuation cannot be procured. Their being chosen might have induced the negociation, and brought it so near to a close as it was. It is therefore, absufd to ask a decree in favor of an assessment not made, and improper to compel the defendant to submit to any other mode of adjustment. If this is not making, it is at least mending, a contract, neither of which is the province of the chancellor. To authorise a decree enforcing a contract, the agreement must be complete. Where it is incomplete, the parties ought to be left to their legal rights and remedies, according to a course of law Smallwood vs. liansborough, 1 Wash. 290. It is not necessary to decide, nor does it appear in this case, whether the original contract for the sale of the land is such an one as equity would enforce or set aside. Be it which it may, the decision in this case cannot affect it.
Bibb for plaintiff, Hardin for defendant.
The decree of the court below must be affirmed with costs. ,